**SCOTT v. OHIO OIL CO.**

No. 5990.

Court of Appeal of Louisiana. Second Circuit.

Feb. 7, 1940.

Dickson & Denny, of Shreveport, for appellant.

R. L. Venoit and J. P. D'Artois, both of Shreveport, for appellee.

DREW, Judge.

Plaintiff alleged that he, in connection with G. R. Stevens, was employed by the Ohio Oil Company, through its subsidiary, the Marathon Oil Company, to secure a lease on 400 acres of land owned by R. P. Willis, in Cass County, Texas; and that the employment took place on December 12, 1935. He alleged the consideration promised for securing the lease was $2000. Plaintiff further alleged the defendant has paid the said Stevens $800, but that he did not secure his half; that the lease was secured for defendant and it has since developed same. He prayed for judgment against defendant in the amount of $600, with legal interest from December 12, 1935, until paid.

Defendant denied all material allegations of plaintiff's petition. It admits it secured a lease from R. P. Willis covering 400 acres of land in Cass County, Texas, and has since developed same; that the lease was negotiated from G. R. Stevens as

agent for R. P. Willis. That it never agreed nor promised to pay any commission on said lease price. It denied that it ever entered into any agreement or contract of any kind with plaintiff.

The lower court rejected plaintiff's demands and he prosecutes this appeal.

The record makes it clear that the defendant has never entered into any contract of any kind with plaintiff and that he was not known in the deal involving the lease in question. Since he is suing on a contract and none was proved to exist, his case necessarily falls and it would be unnecessary to discuss the case further. However, we will review the entire transaction sued on.

G. R. Stevens, who is a geologist by profession, approached the defendant Company in an effort to sell the lease in question for R. P. Willis, the land owner. He offered it for $150 per acre, at the time assuring defendant that his commission was to be paid by Willis. Defendant thought the price too high and suggested that to Stevens, who then returned to the land owner and secured a price of $100 per acre cash and $100 per acre out of a certain percentage of the oil produced from the lease. He notified defendant of this fact by telephone. Defendant accepted the lease at the last stated price, sent its land man out to prepare the necessary papers and close the deal. This was done.

The record discloses that Stevens and Scott were working together. This was not known to defendant. It thought that Stevens had made the trade with the land owner, Willis. This all occurred in December, 1935. Stevens and Scott attempted to collect their commission from Willis and he refused to pay. They then entered suit in the District Court of Cass County, Texas, against Willis for the $2000 commission and on June 2, 1938, the case was tried and plaintiff's demands rejected for the reason they were not licensed brokers or realtors in the State of Texas. It was only after the loss of the suit in Texas that the plaintiff ever approached or made any demand on defendant, and it is apparent that he would never have made any demand on it if he had not discovered that Stevens had received $800 from defendant. Stevens and defendant's representative explain the $800 as follows:

Within a few days after the lease from Willis to defendant had been executed and placed in escrow, subject to title, Stevens was in need of some money and same was loaned to him by the defendant Company until he could secure his commission from Willis. He never received his commission from Willis and never paid back the $800. Defendant realized it had secured a good and valuable lease and that Willis had defrauded Stevens out of his commission so it, through its officers, cancelled the indebtedness from the books.

Scott does not contend nor swear that at the time of the lease transaction the defendant Company or any of its officers ever promised to pay him a commission. Stevens swears that the entire understanding between him and defendant was that the price made was all the Company was to pay and that his commission was to be paid by Willis, the land owner, with whom he had a contract and was representing in the deal.

Nothing was ever clearer to our minds than that the defendant Company does not owe anything to plaintiff arising out of the Willis lease transaction.

The judgment of the lower Court is affirmed with costs.